Harold C. and Olive B. ISAAK, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 2874.

United States District Court
E. D. Washington, N. D.

March 29, 1967.

Butler & Lukins, Spokane, Wash., for plaintiffs.

Smithmoore P. Myers, U. S. Atty., Spokane, Wash., for defendant.

## OPINION

POWELL, Chief Judge.

The plaintiffs, as taxpayers, sue to recover a claimed overpayment of Federal income taxes for the year 1957. A deficiency was assessed, the deficiency paid under protest and this action was brought to recover that claimed excess.

The plaintiffs have a wheat farm. It has been operated by them since about

2. Cf. United States v. Sclafani, 265 F.2d 408 (2d Cir. 1959); Smith v. United States, 250 F. Supp. 803 (D.N.J.1966).

1929. They have filed their income tax returns on a cash basis and used the calendar year as their fiscal year.

In 1957 the plaintiffs secured two loans from Commodity Credit Corporation on their wheat. These two loans were repaid during the calendar year 1957. The plaintiffs did not include the amounts of the two loans as income in that year. A portion of the wheat was sold in 1957 and the proceeds received in 1957. The balance of the wheat that was used as collateral for the Commodity Credit Corporation loans was sold during the year 1958.

This case involves the application of two sections of the Internal Revenue Code. They are as follows:

"Internal Revenue Code of 1954:

## § 77. COMMODITY CREDIT LOANS.

(a) Election to include loans in income.—Amounts received as loans from the Commodity Credit Corporation shall, at the election of the taxpayer, be considered as income and shall be included in gross income for the taxable year in which received.

(b) Effect of election on adjustment for subsequent years.—If a taxpayer exercises the election provided for in subsection (a) for any taxable year, then the method of computing income so adopted shall be adhered to with respect to all subsequent taxable years unless with the approval of the Secretary or his delegate a change to a different method is authorized. (26 U.S.C., 1964 ed., Sec. 77.)

"§ 1016. ADJUSTMENTS TO BASIS.

(a) General Rule.—Proper adjustment in respect of the property shall in all cases be made—

\* \* \* \* \* \*

(8) in the case of property pledged to the Commodity Credit Corporation, to the extent of the amount received as a loan from the Commodity Credit Corporation and treated by the taxpayer as income for the year in which received pursuant to section 77, and to the extent of any deficiency on such loan with respect to which the taxpayer has been relieved from liability;

\* \* \* \* \* \*

(26 U.S.C., 1964 ed., Sec. 1016.)"

The plaintiffs repaid the two loans to the Commodity Credit Corporation during the year 1957. If they had borrowed the money from some other lending agency and repaid it this matter would not be before the Court. It is by virtue of the Code that the proceeds of the Commodity Credit Corporation loan may be included as income.

A case with almost identical facts has been decided for taxpayers. I agree with the statements of the Fifth Circuit in that case, which is Thompson v. Commissioner, 322 F.2d 122 (5 Cir. 1963):

"The facts in simple outline convince us that Taxpayer is right. At year end 1958 Taxpayer had the wheat. He did not have money. In 1959 he had money, but no wheat. § 77 does not prescribe that the loan is income. It prescribes that it should be 'considered as income' and when so done, the 'method of computing income so adopted shall be adhered to \* \* \*.' This terminology and the interpretation we put on its achieves several ends. It adheres to the annual accounting concept of income tax law. It makes possible the payment of the tax in the year in which the income is realized with which to pay the tax. It eliminates either the peril or problems of the taxpayers being taxed in successive years on the same wheat crop, and it eliminates vexing problems on collateral elections." (Page 131)

Judgment will be granted for the plaintiffs and plaintiffs' counsel may prepare and submit findings of fact and conclusions of law and judgment.

The matter will be set down for hearing thirty days after this date unless the parties have agreed upon the computation of the amount of the refund.